BOLTON *et al.* *v.* SCHRIEVER *et al.*

(*Superior Court of New York City, General Term.*    January 5, 1891.)

PROBATE OF WILL—JURISDICTION OF SURROGATE—COLLATERAL ATTACK.

   Under the New York statutes regulating the jurisdiction and proceedings of surrogates' courts, a surrogate, in determining the question of the inhabitancy of the testator in a will offered for probate, acts judicially, and the probate granted on such determination cannot be assailed collaterally by proof that the testator was an inhabitant of the state, but not an inhabitant of the county, in which probate was granted.    Following *Roderigas* v. *Institution*, 63 N. Y. 460, and disapproving *Bolton* v. *Jacks*, 6 Rob. (N. Y.) 166.

Exceptions from jury term.

Action of ejectment by James Clinton Bolton and another against William Schriever and others.    For concurring opinion, see *post*, 918.

Argued before FREEDMAN and INGRAHAM, JJ.

*Edward C. Perkins* and *James Clinton Bolton*, for plaintiffs. *Johnston & Johnston*, for defendants.

FREEDMAN, J. At the trial a verdict was directed in favor of the plaintiffs, and the trial judge directed that the exceptions taken by the defendants be heard at general term in the first instance, and that the entry of judgment be suspended in the mean time. The action is in ejectment to recover possession of a lot of land known as "No. 398 Tenth Avenue," between Thirty-Second and Thirty-Third streets, in the city of New York. On January 17, 1841, Theodore B. Tallmadge died seised of the premises in question, leaving, him surviving, two daughters, his only heirs at law, one of whom is the plaintiff, Angelina T. Arthue, and the other of whom, Laura E. Bolton, was the wife of the plaintiff James Clinton Bolton. Laura E. Bolton afterwards died, leaving a will devising all her real estate to the plaintiff James Clinton Bolton. The common source of title of both the plaintiffs and the defendants is the said Theodore B. Tallmadge, the plaintiffs claiming by descent, and the defendants adversely under his will and subsequent conveyances, beginning with a deed from Philip Burrows, executor of Theodore B. Tallmadge, deceased. Probate of the said will was made apparently in due form of law in the surrogate's office, in the county of New York, in 1841, and, if the said probate cannot be assailed in this action, the defendants showed a sufficient title.

The plaintiffs contend that the said probate can be assailed in this action, and that it is invalid by reason of the fact, which may be assumed to have been proven at the trial, that Tallmadge, at the time of his death, was an inhabitant of the state of New York, but not an inhabitant of the county of New York; and their contention rests upon the doctrine and decision of *Bolton* v. *Jacks*, 6 Rob. (N. Y.) 166. The general doctrine of the case cited— namely, that want of jurisdiction renders void the judgment of any court, whether of superior or inferior, general or limited, or local, jurisdiction; that the recital of jurisdictional facts in the record of such judgment is not conclusive, unless made so by statute, but only *prima facie* evidence of the existence or occurrence of such facts; and that the party against whom the record of such judgment is offered in evidence is not estopped by such recitals from showing affirmatively by proof *dehors* the record that they are untrue, and from thus avoiding the judgment—has stood the best of criticism, and is now undoubted good law in this state. It was expressly approved by the court of appeals in *Ferguson* v. *Crawford*, 70 N. Y. 253, 267. The decision of the case has not been so fortunate, and, in respect to certain judicial determinations made by surrogates' courts, it has been in part overruled and in part disapproved by the court of appeals. In *Roderigas* v. *Institution*, 63 N. Y. 469, it was held that the surrogate, in granting letters upon the estate of the plaintiff, who was not then dead, acted judicially; that, under the statutes of this state, he had jurisdiction to issue the letters upon a judicial inquiry and determination by him; that death had occurred; and hence, that the letters so granted protected the defendant as an innocent third party as to the amount paid to the administratrix on the faith of the letters, though they were in fact granted on false evidence. This determination was made upon the construction of the statutes of this state regulating the jurisdiction and proceedings of surrogate's courts, and it was held that the said statutes furnish a complete system; that, in enacting the same, the legislature intends to confer upon surrogates' courts sole and exclusive jurisdiction over the subject of granting letters of administration, and as part of that jurisdiction to determine, upon sufficient evidence, the facts upon which their action must rest; that, if the case be a proper one, the surrogate must act and issue letters; and that, thereupon, the letters so issued are conclusive evidence of the ·

authority of the administrator, until reversed on appeal or revoked. The decision of the court of appeals in the case last referred to related to a judicial determination made by a surrogate upon the question of death. But, as to a like determination of the question of inhabitancy, equally strong views were expressed, and the decision of *Bolton* v. *Jacks* in that respect was expressly disapproved by EARL, J., (page 469,) and questioned by MILLER, J., (page 475,) by a reference to two other reported cases which are in conflict with *Bolton* v. *Jacks*. In deference to the views expressed by these learned judges on that occasion, I feel constrained to hold that the decision of *Bolton* v. *Jacks* is to be followed no longer, and that, if there is a distinction to be made between a judicial determination upon the question of death, and a judicial determination upon the question of inhabitancy, it is one which the plaintiffs should be left to urge upon the court of appeals. And inasmuch as letters testamentary stand upon precisely the same legal footing as letters of administration, and it not having been shown in this case, as was shown upon a retrial of the *Roderigas Case*, that the surrogate did not act judicially, the conclusion to be reached is that it was error to direct a verdict for the plaintiffs. Under the circumstances it is necessary to consider the other questions presented by the exceptions. The exceptions of the defendants should be sustained, the verdict set aside, and a new trial ordered, with costs to the defendants to abide the event.